IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL., | Superior Court Case No. <u>CV0426-18</u> |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER RE EX PARTE APPLICATION FOR RECONSIDERATION OF THE COURT'S DECISION AND ORDER RE MOTION TO DISMISS** |
| FRANCIS GILL, ET AL., | |
| Defendants. | |

The Court here considers Defendants' Ex Parte Application for Reconsideration of the Court's February 15, 2019 Decision and Order re Motion to Dismiss concerning the timeliness of the claims against Defendant Stephanie Mendiola. The Court GRANTS the Motion in that it reconsiders the date the applicable statute of limitations expires; however, it DENIES the Motion in that it finds that the Declaratory Judgment claim against Mendiola is timely.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Defendants seek reconsideration of particular portions of the Court's February 15, 2019 Decision and Order re Motion to Dismiss which determined that the charges of Quiet Title and Declaratory Judgment against Mendiola were timely. Since that February 15, 2019 Decision and Order, the Court granted summary judgment in Defendants' favor on the Quiet Title claim. Dec. and Order re Defs.' Mot. Partial Summ. J. (Oct. 3, 2019). This leaves the Declaratory Judgment claim as the sole claim against Mendiola.

Plaintiffs' Sixth Count for Declaratory Judgment alleges in full:

91.    The plaintiffs and plaintiff Wong reallege paragraphs 1 - 55 and 68 - 70 of this Second Amended Complaint.

## ORIGINAL

92.    As indicated in the facts set forth, Stephanie Mendiola has no valid claim or interest in any of the 14 lots.

93.    Accordingly, the 14 Foreclosure Deeds should be declared and adjudged to be null and void.

94.    Furthermore, Stephanie Mendiola should be declared and adjudged to have no claim to or interest in any of the 14 lots.

Second Am. Compl. (Aug. 27, 2019).

The overall allegations concerning Mendiola involve two sets of events. First, in 2006, Mendiola acquired 14 foreclosure deeds for Defendant Cyfred, Ltd., but in her name. Second Am. Compl. ¶ 16. Each of the deeds were recorded with the Department of Land Management. Second Am. Compl. ¶ 18. Second, in 2013, Plaintiffs, and Defendant Francis Gill and Cyfred, among others (but not including Mendiola), attempted to settle extensive litigation, including issues involving the 14 lots. Because Mendiola remained the owner of the 14 lots, the parties discussed clearing the 14 lots' title. Second Am. Compl. ¶ 20. On March 5, 2013, Gill took the position that all lots purchased by Mendiola were returned to Cyfred by Court order. Second Am. Compl. ¶ 21. He instructed Plaintiffs' attorney, Wayson Wong, that if Plaintiffs wanted Mendiola to sign grant deeds, Plaintiffs would need to prepare them. Second Am. Compl. ¶ 21. The parties agreed in the settlement agreement that if any party believed a provision of the agreement had been breached, they were required to provide a Notice of Material Breach by a certain date. Second Am. Compl. ¶¶ 25-26. That date passed without Mendiola signing the deeds and without Plaintiffs providing a Notice of Material Breach. Second Am. Compl. ¶ 38.

Following the settlement, Plaintiffs continued to follow up with Defendants on filing Mendiola's deed. For example, on March 29, 2014, Wong sent Mendiola a letter demanding that she sign a deed to the 14 lots. Second Am. Compl. ¶ 45. Mendiola responded on April 22, 2014,

ORIGINAL

indicating that she had provided the deed to her attorney. Second Am. Compl. ¶ 49. Despite

other follow-ups by Wong, Mendiola did not communicate with Wong further. Second Am.

Compl. ¶ 50. "On or about July 2014, attorney Van de veld advised attorney Wong that he had a

recordable deed from Stephanie Mendiola . . . but he said he would not give the plaintiffs the

deed unless all of the plaintiffs and other individual lot owner parties to the FSA provided her

with a release." Second Am. Compl. ¶ 52. According to Plaintiffs, Mendiola continues to hold

title to the 14 properties. To address this grievance, Plaintiffs seek a declaratory judgment.

The Court's February 15, 2019 Decision and Order re Motion to Dismiss determined that

Plaintiffs' Declaratory Judgment claim against Mendiola was timely. It utilized June 5, 2013, as

the date the limitations period began to run. June 5, 2013, represents the date Gill informed

Plaintiffs that because they had not issued a Notice of Material Breach under the parties'

Settlement Agreement, Cyfred had no further obligation to provide plaintiffs with their lots free

and clear as to Mendiola's claims. Mendiola's Ex Parte Application for Reconsideration asks the

Court to utilize 2006 as the date the limitations period began.[1]

## II.    LAW AND DISCUSSION

### A. Reconsideration Standard

Under CVR 7.1(i), a court may reconsider a prior order

> Only on the grounds of (1) a material difference in fact or law from that
> presented to the Court before such decision that in the exercise of reasonable
> diligence could not have been known to the party moving for reconsideration at
> the time of such decision, or (2) the emergence of new material facts or a change
> of law occurring after the time of such decision, or, (3) a manifest showing of a
> failure to consider material facts presented to the Court before such decision.

---

[1] In its October 3, 2019 Decision and Order re Defendants' Motion for Summary Judgment, the
Court also determined that Plaintiffs' Quiet Title claims against Mendiola concerned the 2006
foreclosure deeds, and that such claims were released in the course of the parties' settlement.

ORIGINAL

CVR 7.1(i). As the Supreme Court of Guam instructs, reconsideration may be granted where the trial court "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10. Since there are no new facts presented, nor any change in controlling law, the Court reviews whether it committed clear error.

**B.** **What is the statute of limitations for declaratory judgment actions and is the declaratory judgment claim timely?**

The statute of limitations for a declaratory relief claim depends on the underlying cause of action. *See, e.g., Akhunov v. 771620 Equities Corp.*, 911 N.Y.S.2d 448 (2010). The Court accepts as true all of the factual allegations set out in Plaintiffs' complaint, draws inferences from those allegations in the light most favorable to Plaintiffs, and construes the complaint liberally. *See Ukau v. Wang*, 2016 Guam 26 ¶ 48; *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9.

Again, the Declaratory Judgment claim can be construed to pertain to and encompass two separate events involving Mendiola: her assumption of title in 2006 and her execution or non-execution of a deed in 2013 and 2014. Because the Court has already determined that claims concerning Mendiola's acquisition of the 2006 foreclosure deeds are released, a timeliness analysis of those claims is unnecessary.

But even if the Court were to reexamine the applicable limitations period for claims involving the 2006 foreclosure deeds, the Court correctly utilized 7 GCA § 11205, which gives Plaintiffs five years to file a claim concerning the title to a property. That provision states

> No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear[s] that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question, within five years before the commencement of the action.

ORIGINAL

7 GCA § 11205. This language has been held to apply to quiet title actions, which is the underlying basis for Plaintiffs' claim against Mendiola in obtaining foreclosure deeds in 2006. *See Lawrence v. Maloof,* 64 Cal. Rptr. 233, 235 (Cal. App. 1967). Based on this limitations period, Plaintiffs' 2006-based claims against Mendiola have long expired.

The Court turns to whether the series of events in 2013 and 2014 are untimely. The Court agrees with Defendants that no claim directly against Mendiola accrued on June 5, 2013, when Gill informed Plaintiffs that Cyfred had no further obligation to provide Plaintiffs with title to their lots free and clear. However, a new series of events occurred in 2014 when Mendiola informed Plaintiffs that she had signed a deed to the lots. Specifically, "[o]n April 22, 2014, Stephanie Mendiola emailed attorney Wong and wrote that she had given the signed deed and affidavit to her attorney, attorney Van de veld." Second Am. Compl. ¶ 49. Despite follow-up from Plaintiffs' attorney, Mendiola did not communicate with him further, and it was not until July 2014 that Mendiola's attorney informed Plaintiffs that the deed's execution and delivery were conditioned on Plaintiffs providing Mendiola with a release. Second Am. Compl. ¶¶ 50, 52. Plaintiffs were left unsure about whether the deed was validly executed and delivered.[2] Therefore, Plaintiffs seek judgment on whether Mendiola delivered the deed in 2014 and now illegally holds title to the 14 lots or if her deed's execution was always conditioned on Plaintiffs providing her with a release. Defendants' prevarications concerning execution of the deed and Mendiola's potential illegal ownership are new claims concerning clear title to the 14 lots that did not exist before 2014.

---

[2] The Court has since determined the execution and delivery of the deed to be an issue of fact. Dec. and Order re Pls.' Mot. Partial Summ. J. (Oct. 7, 2019).

ORIGINAL

Based on these allegations, Section 11205 remains potentially applicable to the 2014 series of events in that Plaintiffs ask for the recovery of real property and to quiet title to the property based on Mendiola's execution of a deed, albeit an unrecorded one. Under this scenario, Plaintiffs' April 2018 Complaint was filed within five years of July 2014, when Plaintiffs learned that Mendiola executed a deed but Defendants refused to record it.

The Court, however, will analyze whether the action is timely under a shorter limitations period, as Defendants propose. Defendants submit that the underlying claim sounds in fraud which carries a three-year statute of limitations. 7 GCA § 11305. For a fraud cause of action, the statute of limitations accrues when the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him. *Burkhart v. Miranda*, 2013 Guam 2 ¶ 26 (citing *Custodio v. Boonprakong*, 1999 Guam 5 ¶ 27). In following a three-year statute of limitations, the time for Plaintiffs to file an action against Mendiola expired in July 2017, three years after they learned from Defendants that Mendiola's deed would not be recorded. In order for this action to be timely, Plaintiffs must demonstrate that the statute of limitations tolled until April 2018--the date Plaintiffs filed the Complaint in this action.

Plaintiffs raised the cause of action for Declaratory Judgment in prior cases--CV0934-15 and CV0073-16. The Court incorporates its analysis from the February 15, 2019 Decision and Order re Motion to Dismiss, which allowed for tolling of the cause of action while those two cases and CVA17-016 were pending. This gives Plaintiffs an additional 616 days to meet the statute of limitations. 616 days after April 22, 2017, equates to December 29, 2018. When Plaintiffs filed the present action on April 30, 2018, they timely sought relief for a Declaratory Judgment on whether Mendiola still had title after she executed a deed in or around 2013 or 2014, and Defendants notified Plaintiffs of that fact in April 2014.

ORIGINAL

To be clear, however, the Court is not convinced that Plantiffs have alleged that Mendiola committed an act of fraud in 2014 when she signed the deed but stopped communicating with Plaintiffs. Fraud involves false misrepresentations. *See HRC Guam Co. v. Bayview II, LLC,* 2017 Guam 25 ¶ 81. The Second Amended Complaint lacks allegations that in 2014, Mendiola made false misrepresentations to Wong. However, regardless of the underlying nature of the claim, Plaintiffs timely brought an action under a three-year limitations period scenario.

## III.    CONCLUSION AND ORDER

The Court agrees that it erred in setting June 5, 2013, as the date the Declaratory Judgment cause of action accrued. The Court finds that as to Mendiola executing a deed in 2014 but retaining title to the properties, the cause of action against her instead began to accrue on or around July 2014. Under a three-year statute of limitations with additional tolling of the claim, or under a five-year statute of limitations, the claim has been filed timely. As to Mendiola's conduct in 2006, Plaintiffs' claims are both untimely and released.

The Court therefore GRANTS IN PART the Motion as the Court has reconsidered its decision, but DENIES IN PART the Motion as the Declaratory Judgment claim is not dismissed for untimeliness as to Mendiola's 2014 conduct.

SO ORDERED this 18th day of November 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_Wong_
_VAN DE VELD_
Date: 11/18/19   Time: 4p

Deputy Clerk, Superior Court

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

ORIGINAL